**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| ERNESTINE WISEMAN-BEAVER and WILLIAM BEAVER, W/H<br>*Plaintiffs* | :<br>:<br>:   Civil Action No.<br>: |
| vs. | :<br>: |
| NATIONAL GENERAL INSURANCE COMPANY<br>*Defendant.* | :<br>:<br>:<br>:   **JURY TRIAL DEMANDED** |

**CIVIL ACTION COMPLAINT**

### I.   PARTIES

1.   Plaintiffs, Ernestine Wiseman-Beaver and William Beaver, w/h, are adult individuals and citizens of the Commonwealth of Pennsylvania residing therein at 29 Lenape Road, Barto, PA 19504.

2.   Defendant, National General Insurance Company, was and is now a business entity, believed to be corporation, which is authorized to conduct business as an insurance company in the Commonwealth of Pennsylvania, with its corporate headquarters and principal place of business located at 5630 University Parkway, Winston Salem, NC 27105.

### II.   JURISDICTION AND VENUE

3.   Jurisdiction is conferred upon this Court by virtue of the parties' diversity of citizenship pursuant to 28 U.S.C. § 1332.

4.   The amount in controversy in this action is in excess of seventy-five thousand ($75,000.00) dollars, exclusive of costs and fees.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the within claims occurred within the District.

### III. STATEMENT OF CLAIMS

6. At all times material herein, the Defendant acted by and through its agents, servants, employees, workmen and/or other representatives, who were, in turn, acting within the course and scope of their employment, agency and/or service for the same and under the direct control of the Defendant.

7. At all times material hereto, Plaintiff Ernestine Wiseman-Beaver was insured by Defendant under a policy of automobile insurance which provided for underinsured motorist benefits, policy number 2002896014. A copy of the Declaration Pages for policy number 2002896014 covering the date of the accident at issue in this matter are attached as Exhibit "A" and incorporated by reference.

8. On or about June 16, 2015, while the aforementioned policy was in full force and effect, Plaintiff Ernestine Wiseman-Beaver was operating a certain 2006 Ford Explorer motor vehicle, Pennsylvania license plate #WR5389J, traveling southbound on Farmington Avenue near its intersection with Maugers Mill Road, in Pottsgrove, Pennsylvania. Plaintiff had brought her vehicle to a complete and steady stop at a red traffic signal at the aforesaid intersection, when, suddenly and without warning, a certain 2000 Dodge Grand Caravan motor vehicle, Pennsylvania license plate #HSD6892 operated by Melissa Farkosh, struck the rear of Plaintiff's vehicle.

9. At the time of the aforementioned accident, the motor vehicle owned and/or operated by Melissa Farkosh was insured under a policy of automobile insurance issued by Allstate Insurance Company.

10. The aforementioned accident was caused solely by the negligence and carelessness of Melissa Farkosh and was not the result of the actions or inactions of Plaintiff Ernestine Wiseman-Beaver.

11. By reason of the aforesaid negligence and carelessness of Melissa Farkosh, Plaintiff Ernestine Wiseman-Beaver suffered severe and permanent injuries, including, but not limited to, lumbar disc bulging and radiculopathy requiring surgical repair, concussion, post concussion syndrome, carpal tunnel syndrome, cervical sprain and strain, lumbar sprain and strain, thoracic sprain and strain, lumbar facet syndrome, lumbar contusion, multilevel myalgia and myositis in the cervical, thoracic, and lumbar spines, and upper extremity, sacrum and pelvis, cervicobrachial syndrome, sacroilitis, lumbago, and cervicalgia, as well as aches, pains, mental anxiety and anguish, and a severe shock to her entire nervous system. Plaintiff has in the past and will in the future undergo severe pain and suffering as a result of which she has in the past and will in the future be unable to engage in her usual activities, all to her great loss and detriment.

12. As a further result of the accident, Plaintiff Ernestine Wiseman-Beaver has or will be obliged to receive and undergo medical care and attention and to expend various sums of money and to incur various expenses for the injuries she suffered, and she may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

13. As a further result of the accident, Plaintiff Ernestine Wiseman-Beaver has or may suffer a severe loss of her earnings and/or earning power, and she may incur such loss for an indefinite period of time in the future.

14. As a direct and reasonable result of the accident aforementioned, Plaintiff Ernestine Wiseman-Beaver may hereafter incur other financial expenses or losses which do or may exceed the amounts which she may otherwise be entitled to recover under and pursuant to the Pennsylvania Motor Vehicle Financial Responsibility Law, 75 Pa. C. S. § 1701 et. seq. as amended, for which she claims damages herein.

15. Further, by reason of the aforesaid accident, Plaintiff Ernestine Wiseman-Beaver has and/or may hereinafter incur other financial expenses all in an effort to treat and cure herself of the injuries sustained in the aforesaid accident.

16. As a further result of the accident, Plaintiff Ernestine Wiseman-Beaver has or may have suffered injuries resulting in the permanent loss of use of a bodily function, dismemberment, and/or scarring, which may be in full or part cosmetic disfigurements which are or may be permanent, irreparable and severe.

17. As a further result of the accident, Plaintiff William has suffered the loss of earnings, society, consortium and services of his wife, to which he is legally entitled, has been or will be obliged to expend various sums of money and to incur various expenses for the treatment of the injuries his wife has suffered, and may be obliged to continue to expend such sum or incur such expenditures for an indefinite period of time.

18. Plaintiffs settled the underlying claim with Allstate Insurance Company for the full amount of Melissa Farkosh's policy limit. The consent to settle is attached as Exhibit "B."

19. Notice of the aforesaid covered loss and Plaintiffs' intent to pursue underinsured motorist benefits was provided to the Defendant National General in a prompt and timely manner by Plaintiff and, at all times relevant hereto, Plaintiff fully complied with all of the terms and conditions required by the policy.

20. Plaintiffs demand underinsured motorist benefits in the amount of the Policy limits.

21. Defendant has refused, without legal justification or cause, and continues to refuse, to pay to Plaintiffs monies owed for the injuries suffered as a result of the aforesaid loss. A copy of Plaintiffs' February 19, 2019 demand letter is attached as Exhibit "C" and incorporated by reference.

22. As a result of Defendant's failure and refusal to pay reasonable underinsured motorist benefits to Plaintiffs as required under the Policy, Plaintiffs suffered losses and damages.

## COUNT I
## ERNESTINE WISEMAN-BEAVER v. NATIONAL GENERAL INSURANCE COMPANY
## **BREACH OF CONTRACT**

23. Plaintiff hereby incorporate by reference paragraphs one (1) through twenty-two (22) of the within Complaint, as though the same were fully set forth at length herein.

24. Defendant has failed to promptly offer payment of the reasonable and fair value of the claim for underinsured motorist benefits for bodily injury to Plaintiff.

25. Defendant has failed to reasonably investigate Plaintiff's claim such that a thorough and proper inquiry would have revealed that Plaintiff suffered serious and permanent injuries caused by the aforementioned accident described in this Complaint.

26. Defendant owes Plaintiff a fiduciary, contractual and statutory obligation to investigate, evaluate and negotiate Plaintiff's underinsured motorist claim in good faith and to arrive at a prompt and fair and equitable settlement.

27. For the reasons set forth above, Defendant has violated its obligations under the policy of insurance.

28. Defendant owes Plaintiff the policy limit in underinsured motorist benefits for bodily injury pursuant to the terms of the insurance policy which is the subject of this case and known to Defendant.

29. Despite submission of reasonable proof and demand for full and complete payment with respect to Plaintiff's aforesaid loss, the Defendant has not paid to Plaintiff all of the policy benefits to which she is entitled under the policy.

30. Defendant's denial of coverage was made without a reasonable basis in fact.

31. Defendant's refusal to indemnify Plaintiff's loss constitutes a breach of the insurance contract.

WHEREFORE, Plaintiff, Ernestine Wiseman-Beaver, demands judgment against Defendant, National General Insurance Company, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

**COUNT II**
**WILLIAM BEAVER v. NATIONAL GENERAL INSURANCE COMPANY**
**BREACH OF CONTRACT – LOSS OF CONSORTIUM**

32. Plaintiffs hereby incorporate by reference paragraphs one (1) through thirty-one (31) of the within Complaint as though the same were fully set forth at length herein.

33. Defendant National General has failed to promptly offer payment of the reasonable and fair value of the claim for underinsured motorist benefits for Plaintiff's loss of consortium.

34. Defendant has failed to reasonably investigate Plaintiff's claim for loss of consortium such that a thorough and proper inquiry would have revealed that Plaintiff suffered a significant loss caused by the aforementioned accident described in this Complaint.

35. Defendant owes Plaintiff a fiduciary, contractual and statutory obligation to investigate, evaluate and negotiate Plaintiff's underinsured motorist claim in good faith and to arrive at a prompt and fair and equitable settlement.

31. For the reasons set forth above, Defendant National General has violated its obligations under the policy of insurance.

32. Defendant National General owes Plaintiff the policy limit in underinsured motorist benefits for loss of consortium pursuant to the terms of the insurance policy which is the subject of this case and known to Defendant.

33. Despite submission of reasonable proof and demand for full and complete payment with respect to Plaintiff's aforesaid loss, the Defendant has not paid to Plaintiff all of the policy benefits to which he is entitled under the policy.

34. Defendant's denial of coverage was made without a reasonable basis in fact.

35. Defendant's refusal to indemnify Plaintiff's loss constitutes a breach of the insurance contract.

WHEREFORE, Plaintiff, William, demands judgment against Defendant, National General Insurance Company, in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

## COUNT III
### ERNESTINE WISEMAN-BEAVER AND WILLIAM BEAVER, H/W v. NATIONAL GENERAL NSURANCE COMPANY
### BAD FAITH– 42 PA. C.S.A. §8371

36. Plaintiffs hereby incorporate by reference paragraphs one (1) through thirty-five (35) of the within Complaint as though the same were fully set forth at length herein.

37. Defendant has engaged in bad faith toward the Plaintiffs with respect to its adjustment of Plaintiffs' aforesaid covered loss, in violation of 42 Pa. C.S.A. §8371, et seq.

38.     In furtherance of its bad faith and wrongful refusal to pay the full policy limits for Plaintiffs' covered loss, the Defendant, acting by and through its duly authorized agents, servants, workmen and/or employees, have engaged in the following conduct:

    (a)    failing to evaluate Plaintiffs' claim objectively and fairly;

    (b)    failing to complete a prompt and thorough investigation of Plaintiffs' claim;

    (c)    failing to pay Plaintiffs' covered loss in a prompt and timely manner;

    (d)    conducting an unfair and unreasonable investigation of Plaintiffs' claim;

    (e)    violating the fiduciary duty owed to Plaintiffs;

    (f)    failing to reasonably and adequately evaluate or review the medical documentation in Defendant's possession;

    (g)    failing to keep Plaintiffs or their representatives fairly and adequately advised as to the status of the claim;

    (h)    unreasonably valuing the loss and failing to fairly negotiate the amount of the loss with Plaintiffs or their representatives;

    (i)    failing to make a reasonable settlement offer to Plaintiffs;

    (j)    unreasonably withholding policy benefits;

    (k)    acting unreasonably and unfairly in response to Plaintiffs' claim; and

    (l)    unnecessarily and unreasonably compelling Plaintiff to initiate this lawsuit to obtain policy benefits for a covered loss that Defendant should have paid promptly and without the necessity of litigation.

39.     For the reasons set forth above, the Defendant has acted in bad faith in violation of 42 Pa. C.S.A. §8371, for which the Defendant is liable for statutory damages including

interest from the date the claim was made in an amount equal to the prime rate of interest plus three percent, court costs, attorneys' fees, punitive damages and such other compensatory and/or consequential and incidental damages as permitted by law.

WHEREFORE, Plaintiff, Ernestine Wiseman-Beaver and William Beaver, w/h, demand the Court enter judgment in favor of Plaintiffs and against Defendant, National General Insurance Company, and award compensatory and punitive damages in an amount in excess of One Hundred Fifty Thousand Dollars ($150,000.00).

                                          Respectfully,

                                          **SWARTZ CULLETON PC**

                                  By: _____
                                          Brandon A. Swartz, Esquire
                                          Matthew E. Gallagher, Esquire
                                          Attorneys for Plaintiffs,
                                          Ernestine Wiseman-Beaver and William Beaver, w/h

Date: April 5, 2019

# EXHIBIT A



PO Box 3199
Winston Salem, NC 27102-3199

ERNESTINE WISEMAN
29 LENAPE ROAD
BARTO PA 19504

Policy Number: 2002896014
Named Insured: ERNESTINE WISEMAN

Date of Notice 10/28/2014

Policy Period: 10/28/2014 - 10/28/2015

9:09 AM

Policy Underwritten By: Integon General Insurance Corporation

24 Hour Claim Reporting: 1-800-325-1088
For Policy Information: 1-855-752-8477
www.NationalGeneral.com

# PA PERSONAL AUTO DECLARATIONS PAGE

New Business Effective **10/28/2014**

NOTICE: A RENTAL AUTO WILL BE COVERED FOR COLLISION DAMAGE IF:
1. YOU HAVE PURCHASED COLLISION COVERAGE FOR AT LEAST ONE AUTO ON THE POLICY AS SHOWN ON YOUR DECLARATIONS PAGE; AND
2. THE AUTO IS RENTED BY YOU FOR 60 DAYS OR LESS UNDER A WRITTEN RENTAL AGREEMENT FROM A COMMERCIALLY LICENSED RENTAL AGENCY; AND
3. THE AUTO IS BEING OPERATED BY YOU OR ANY FAMILY MEMBER AT THE TIME OF LOSS.

## Drivers and Household Residents

| # | Name / Driver Status | License # | Lic. State | Date of Birth | Gender | Marital Status | Driver Pts | Yrs. Licensed |
|---|---|---|---|---|---|---|---|---|
| #1 | Ernestine Wiseman | | | | | | | |
| | Rated Driver | XXX5324 | PA | 8/27/1976 | Female | Married | 0 | 21 |
| #2 | William A Beaver | | | | | | | |
| | Rated Driver | XXX6953 | PA | 10/8/1962 | Male | Married | 0 | 26 |

## Insured Vehicle(s) and Schedule of Coverages

**#1 2006 JEEP WRANGLER**  VIN: 1J4F449S76P729312-RR1806  Usage: Route
Garaging Location: 19504

| Coverages Provided | Limits / Deductibles | Premium |
|---|---|---|
| Bodily Injury | $100,000 Each Person / $300,000 Each Accident | $93.00 |
| Property Damage | $100,000 Each Accident | $90.00 |
| Uninsured Motorist Bodily Injury - Nonstacked | $100,000 Each Person / $300,000 Each Accident | $13.00 |
| Underinsured Motorist Bodily Injury - Nonstacked | $100,000 Each Person / $300,000 Each Accident | $13.00 |
| Medical Expense | $5,000 Per Occurrence | $32.00 |
| Other Than Collision | $500 Deductible | $57.00 |
| Collision | $500 Deductible | $100.00 |
| Towing & Labor | $75 Each Occurrence, $450 Each Term | $19.00 |
| **Total For This Vehicle** | | **$417.00** |

**#2 2000 FORD EXPLORER**  VIN: 1FMZU83P2YZB74626-EC2429  Usage: Route

10039PA (03012010)

| | | | |
|---|---|---|---|
| Garaging Location: | 19504 | | |
| **Coverages Provided** | | **Limits / Deductibles** | **Premium** |
| Bodily Injury | | $100,000 Each Person / $300,000 Each Accident | $81.00 |
| Property Damage | | $100,000 Each Accident | $78.00 |
| Uninsured Motorist Bodily Injury - Nonstacked | | $100,000 Each Person / $300,000 Each Accident | $12.00 |
| Underinsured Motorist Bodily Injury - Nonstacked | | $100,000 Each Person / $300,000 Each Accident | $11.00 |
| Medical Expense | | $5,000 Per Occurrence | $28.00 |
| | | **Total For This Vehicle** | **$210.00** |

| | | | |
|---|---|---|---|
| **#3 2006 FORD EXPLORER** | VIN: 1FMEU74EX6UB19356-BE1616 | Usage: Route | |
| Garaging Location: | 19504 | | |
| **Coverages Provided** | | **Limits / Deductibles** | **Premium** |
| Bodily Injury | | $100,000 Each Person / $300,000 Each Accident | $77.00 |
| Property Damage | | $100,000 Each Accident | $75.00 |
| Uninsured Motorist Bodily Injury - Nonstacked | | $100,000 Each Person / $300,000 Each Accident | $13.00 |
| Underinsured Motorist Bodily Injury - Nonstacked | | $100,000 Each Person / $300,000 Each Accident | $13.00 |
| Medical Expense | | $5,000 Per Occurrence | $33.00 |
| | | **Total For This Vehicle** | **$211.00** |

| | |
|---|---|
| **Combined Vehicle Premium** | **$838.00** |
| Acquisition Expense | $25.00 |
| **Total 12 Month Policy Premium** | **$863.00** |

## Discounts Applied

**Policy Level**
- Advance Quote Discount
- AutoPay
- Homeowner Discount
- Multi-Car Discount
- New Business Discount

**Vehicle Level**
- #1  Airbag Discount
- #2  Airbag Discount
- #3  Airbag Discount
- #2  Route Use Discount
- #1  Route Use Discount
- #3  Route Use Discount
- #1  PPA Zip Match Discount
- #2  PPA Zip Match Discount
- #3  PPA Zip Match Discount

**Driver Level**
- #1  Safe Driver Discount
- #2  Safe Driver Discount

## Important Notice

Any person who knowingly and with intent to defraud any insurance company or other person files an application for insurance or statement of claim containing any materially false information or conceals for the purpose of misleading, information concerning any fact material thereto commits a fraudulent insurance act, which is a crime and subjects such person to criminal and civil penalties.

Online Policy Documents: Your policy form and coverage endorsements may be viewed by going to our website: www.NationalGeneral.com. Click on the Policy Documents link at the top and enter your Policy Number and Last Name.

10039PA (03012010)

## Additional Policy Information

Tier 7
LIMITED TORT APPLIES

## Disclosure of Possible Additional Charges

The amounts below are authorized for use in this state. However, they are only charged if they apply to your policy.

| | |
|---|---|
| Cancellation Charge | $50.00 |
| Late Charge | $10.00 |
| Nonsufficient Funds Charge | $30.00 |
| Reinstatement Charge | $15.00 |

## Forms and Endorsements

| Endorsement | Edition | |
|---|---|---|
| 06380 | 12012012 | PERSONAL AUTO POLICY |
| 06817 | 03012011 | COVER PAGE |
| 10467 | 01012011 | PERSONAL AUTO POLICY-SIGNATURE PAGE |
| 11316 | 07012014 | TOWING & LABOR COVERAGE |

*Berta A Castellos*
Authorized Signature

# EXHIBIT B



**National General**
Auto, Home & Health Insurance
PO Box 1623 • Winston-Salem, NC 27102-1623

July 20 2018

SWARTZ CULLETON PC
547 WASHINGTON AVE.
NEWTOWN, PA 18940-2164

RE: Claim Number:   1684656
    Date of Loss:       June 16, 2015
    Named Insured: Ernestine Wiseman

Dear Mr. Swartz,

Please allow this letter to document that Integon General Insurance Corporation will waive its right of subrogation against Melissa Sarkosh for damages pursued by Ernestine Wiseman under the Underinsured Motorists provisions of policy number 2002896014 and consent to the settlement of the underlying liability claim.

Please feel free to contact the undersigned with any questions regarding this matter.


*Kayla Evans*
SR Injury Rep
On behalf of Integon General Insurance Corporation
P O BOX 1623 Winston-Salem, NC 27102-1623
Direct (336) 435-2317 • Toll Free (888) 233-4575 • Fax (800) 924-0273


If you are emailing me a claim-specific communication, please send it to CLAIMS@NGIC.COM with the claim number in the subject line. Thank you.

157625184 - PA - 03/11/2016

# EXHIBIT C

# SWARTZ SC CULLETON PC

February 19, 2019

*Christopher J. Culleton*
Esquire

*Brandon A. Swartz*
Esquire

*Todd M. Felzer*
Esquire
Chairperson of the Workers
Compensation Department

*Bryan M. Ferris*
Esquire

*Joseph P. Guzzardo*
Esquire

*Matthew E. Gallagher*
Esquire

*Larissa K. Staszkiw*
Esquire

*Sarah R. Nayeem*
Esquire

*Maria K. McGinty-Ferris*
Esquire

*Anton R. Tupa*
Esquire

*Caroline M. Turner*
Esquire

*Please reply to:*
**547 E. Washington Avenue
Newtown, PA 18940**

Phone: **215.550.6553**
Fax: 215.550.6557

Website:
**www.swartzculleton.com**

Email:
cculleton@swartzculleton.com
bswartz@swartzculleton.com
tfelzer@swartzculleton.com
bferris@swartzculleton.com
jguzzardo@swartzculleton.com
mgallagher@swartzculleton.com
lstaszkiw@swartzculleton.com
snayeem@swartzculleton.com
mmcginty-ferris@swartzculleton.com
atupa@swartzculleton.com
cturner@swartzculleton.com

*One Commerce Square*
*2005 Market Street, 18th Floor*
*Philadelphia, PA 19103*

*The Sovereign Building, Suite 19*
*609 W. Hamilton Street*
*Allentown, PA 18101*



National General Insurance
Kayla Evans– Claims Adjuster
P. O. Box 1623
Winston Salem, NC 27102

      Re:    Our Client:    Ernestine Weisman Beaver
             Date of Loss:  6/16/15
             Insured:       Ernestine Weisman Beaver
             Claim No.:    1684656

Dear Ms. Evans:

    Enclosed, on CD-ROM, please find plaintiff's specials package in this matter. As you will note, Ms. Beaver sustained significant accident-related injuries. As you further know, the third-party defendant has settled for its policy limits of $100,000.00. This is to advise you that our client has authorized us to settle this claim in the amount of the uninsured policy limits.

    This offer to settle in the amount of the policy limits will remain open for a period of thirty (30) days, or until March 21, 2019. Should you feel that this time is not reasonable for you to evaluate this case completely and fully to protect your insured by offering your policy limits, please contact us.

    Should this offer not be accepted by March 21, 2019 it is our intention to proceed to trial and obtain a verdict, plus delay damages, in excess of our policy limits demand. Any verdict that the jury renders will be entered against your insured. We assume that you will communicate all the information contained within this letter to your insured, so that your insured is fully aware of this offer to settle within policy limits and the implications of any decision you make.

    I look forward to hearing from you at your earliest convenience.

                                   Very truly yours,

                                   SWARTZ CULLETON PC

                                   Brandon Swartz

BS/taw
Enclosures

## VERIFICATION

I, _____, hereby state that I am the Plaintiff in this action and verify that the statements made in the foregoing Civil Action Complaint are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements herein are made subject to the penalties of 18 Pa. C.S. 4904 relating to unsworn falsification to authorities.

_____

Dated: